UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **AFFIRMATION IN SUPPORT OF MOTION FOR ADDITIONAL DISCOVERY AND A SEVERANCE** |
| v. | : | |
| CORREA, et al., | : | S1 11 Cr. 59 (LAK) |
| Defendants. | : | This motion is filed on behalf of defendant **Rikelby Mella** |

----------------------------------x

JOHN F. KALEY, an attorney duly admitted to practice law before this Court, affirms as follows:

1. I represent Rikelby Mella, one of the approximately 30 defendants in the above captioned indictment.

2. This affirmation is submitted in support of the defendant's motion to compel the Government to provide the information identified on Exhibit "A" annexed hereto, for a severance and for such other relief as this Court may deem just and proper.

3. The source of my information and the basis for my belief for the statements contained herein are the Court records relating to this case and the materials provided by the Government. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Under Indictment No. S1 11-Cr.-59 (LAK), a grand jury in the Southern District of New York charged 30 defendants in an indictment that includes three counts of conspiracy to possess with intent to distribute and to distribute narcotics. Defendant Rikelby Mella is indicted only in Counts One and Two.

5. Rikelby Mella is alleged in two "overt Acts." In Count One, ¶¶ 4g and 4u, to have possessed/sold small quantities of crack on two occasions. It is alleged that the two incidents occurred on March 4, 2007 and June 20, 2007, respectively. Count Two charges Rikelby Mella in a separate conspiracy alleging that Rikelby Mella sold crack on "various" unidentified dates in 2009 and 2010. Count Three charges others in a separate conspiracy. Count Four charges six defendants with firearms violations. Rikelby Mella is not charged in Counts Three and Four.

6. The Indictment does not identify how or when any defendant joined the conspiracy nor does the Indictment provide any indications as to how the Government intends to prove that Rikelby Mella joined a 30 defendant conspiracy as opposed to selling crack on his own on the occasions noted in the overt acts.

7. Rikelby Mella was arrested on State charges on March 4, 2007 and again on June 20, 2008 as part of State prosecutions arising from the very same transactions charged as overt acts as to him in Count One of the Indictment in this case. He pleaded guilty to charges in State Court arising from those two incidents and was sentenced in State Court.

8. As part of its discovery production, the Government produced discovery, including the State records relating to Rikelby Mella's State prosecution.

9. It is apparent that the Government in this case as to Count One is relying on the same evidence that supported the prior State prosecution, i.e., largely State obtained records and evidence of the overt acts, the very same evidence upon which the State prosecutions of Rikelby Mella were based. The Government should be required to produce the information sought so that issues relating to the Department of Justice's Petite Policy and the concept of multiple prosecutions for the same conduct under the "dual sovereign" doctrine may be explored.

10. The Department of Justice maintains a policy - - "Petite Policy" - - which governs dual and successive prosecutions for the same conduct and which applies, we believe, to circumstances such as those present here. Prior to initiating a dual or successive prosecution, a United States Attorney must provide certain information on a form submitted to the DOJ Policy and Statutory Enforcement Unit of the Criminal Division in Washington, D.C. A copy of the form is annexed hereto as Exhibit "B." While we recognize that it has been held that a defendant may not invoke the DOJ's policy to bar a federal prosecution, we are entitled to know whether the Government in this case followed the DOJ's policy and procedures and obtained the Department's approval for this prosecution.

11. While we recognize that from a constitutional standpoint the instant prosecution may not violate the Double Jeopardy Clause and principals of collateral estoppel, and that dual prosecutions may be permitted under the "dual-sovereign" doctrine, there is a dual-sovereign exception recognized in the law for circumstances in which one sovereign effectively controls the other. The information sought in Exhibit "A" is designed to explore the relationship between the State and Federal prosecutors and to aid in the determination of whether the exception applies. In this regard, we note also that whether or not proper approval for this prosecution was sought under the DOJ's Petite Policy may also inform the inquiry under the dual-sovereign exception.

12. We address the issues relating to severance of defendants and counts in the Indictment in the Memorandum of Law filed simultaneously herewith.

WHEREFORE, for all of the foregoing reasons and those contained in the memorandum of law being filed herewith, the Government should be directed to provide the information sought in Exhibit "A" annexed herewith and a severance should be granted[1]

Dated: New York, New York
April 4, 2011

*John F. Kaley*

John F. Kaley (JK:3598)
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
212-619-3710
Attorney for defendant Rikelby Mella

To: AUSA Todd Blanche
(via ECH filing and e-mail)

---

[1] The defendant respectfully reserves the right to make further motions, if appropriate, upon receipt of the requested information. Additionally, the defendant joins in the motions of his co-defendants in the extent same may be applicable to him and not inconsistent with his motions.