UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, : S1 11 Cr. 59 (LAK)

v. :

CORREA, et al., : This document is filed on behalf of
defendant **Rikelby Mella**
Defendants. :

------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT

<u>**RIKELBY MELLA'S**</u> PRE-TRIAL MOTIONS

This memorandum of law is submitted in support of the defendant's motions requesting that the Court compel the government to provide the information sought in Exhibit "A" to the Affirmation of John F. Kaley, dated April 4, 2011, filed simultaneously herewith, and for a severance of defendants and counts in the Indictment..

FACTUAL BACKGROUND

The indictment in this case charges that the 30 defendants "and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States," over a period of more than six years. *See* Docket Entry No. 5, S1 11-cr-59 (LAK), filed February 1, 2011. Twenty-four defendants are alleged in Count One to have conspired with each other and "others known and unknown" from 2005 to December, 2008 to distribute and possess with intent to distribute 50 grams and more of crack. *Id.* at ¶¶ 1-3. Count One includes 37 overt acts, each of which alleges one or more drug sales or instances of drug possession. *Id.* at ¶¶ 4(a) - 4 (jj). Defendant Rikelby Mella is alleged in two of those overt acts — ¶¶ 4(g) and 4(u) to have

crack on March 7, 2007 and to have sold crack on another occasion. The discovery provided reflects that on March 4, 2007, Rikelby Mella was arrested in possession of 8 bags of crack. The discovery further discloses that over one year later on June 20, 2008, Rikelby Mella was observed exchanging money for several packets of crack.

Rikelby Mella was arrested on both occasions by the local police and pleaded guilty in State criminal court to misdemeanor drug charges. Each of these events is charged as an overt act in the Indictment in this case and the discovery provided by the Government in this case is the same evidence of the same two prior arrests obtained by the State and apparently now turned over to the Federal Government for use in this prosecution.

Count Two charges 14 defendants with conspiracy from December 2008 to January 2011 to possess with intent to distribute and to distribute 280 grams and more of crack. Rikelby Mella is charges in this count and specifically charged in overt act "k" with selling crack on "various dates in 2009 and 2010."

Count Three charges 10 defendants with conspiracy to possess with intent to distribute and to distribute 280 grams and more of crack. Rikelby Mella is not charged in this conspiracy.

Count Four charges six defendants with possession of a firearm during and in relation to the drug offenses charged in Counts One, Two and Three. Rikelby Mella is not charged in this count.

As the Government explained at the arraignment, there basically was a single conspiracy until December, 2008, when after an incident involving a shooting, the group splintered into two new conspiracies with each group operating on a different block in the Bronx. In effect there were three separate conspiracies.

## THE INSTANT MOTION

The instant motion raises two issues. The first relates to the Government's "Petite Policy" and the second seeks severance of defendants and/or counts. As to the former, the motion seeks information to determine whether the Government in this case as it relates to Count One has complied with its own internal policies regarding dual and successive prosecutions, i.e., the "Petite Policy," codified in the Department's Manual at Section 9-2.031, and whether the Government's conduct in this case as it relates to Count One is within the exception to the "dual sovereign" principle such that the instant prosecution should be barred.

At this point, we are without information to determine whether the Government has violated it sown Petite Policy in this case, or to determine the applicability and availability of the "dual-sovereign" exception. We are not accusing the Government of violating its own internal policies or of any misconduct. We simply seek information relating to these issues.

On the issue of severance, a joint trial of 30 defendants is presumptively impermissible. Further, there should be a severance of the admitted three separate conspiracy charges.

## POINT I

## ARGUMENT

The DOJ's "Petite Policy" is designed to insure certain safeguards for defendants when the Government seeks to prosecute a person for a crime for which the person previously has been prosecuted by another prosecuting authority. The policy requires the United States Attorney to seek approval from the DOJ's Policy and Statutory Enforcement Unit prior to initiating a successive prosecution.

We recognize that it has been held that a criminal defendant may not invoke the Department's policy to bar a federal prosecution. *See, e.g., United States v. Snell*, 592 F. 2d 1083 (9th Cir. 1979); *United States v. Howard*, 590 F. 2d 564 (4th Cir. 1979); *United States v. Frederick*, 583 F. 2d 273 (6th Cir. 1978). Further, it has been held that DOJ policies governing its internal operations do not create rights which may be enforced by defendants against the DOJ. *See United States v. Caceres*, 440 U.S. 471 (1979); *Sullivan v. United States*, 348 U.S. 170 (1954).

Nonetheless, given the nature of this 30-defendant indictment and the multiple conspiracies admittedly charged, which follows on the heels of State prosecutions of the defendant for the same underlying events alleged in Count One, the defendant ought to be advised whether in this case the Government followed its own internal policies in proceeding with this prosecution, particularly where, as here, the defendant Rikelby Mella (and, upon information and belief, many other defendants) already has been charged in State Court, pleaded guilty and has been sentenced based on the same drug sales and conduct which are the basis for the present charge in Count One of the Indictment.

Further, whether or not the Government sought and received the appropriate permission to proceed with this case against the defendant Rikelby Mella may also inform a consideration of the dual-sovereign exception discussed below.

Regrettably, the Supreme Court has upheld successive prosecutions by state and federal authorities for the same conduct as an acceptable cost of federalism. *See Bartkus v. United States*, 359 U.S. 121 (1959); *Abbate v. United States*, 359 U.S. 187 (1959); *United States v. Wheeler*, 435 U.S. 313, 320 (1978); *Heath v. Alabama*, 474 U.S. 82, 88-89 (1985). *See also*

*United States v. Aboumoussallem*, 726 F.2d 906, 909-10 (2d Cir. 1984); *United States v. Sewell*, 252 F 3d. 647, 651-52 (2d Cir. 2001); *United States v. Douglas*, 2009 WL 1850516 (2d Cir. 2009)(unreported); and *United States v. Vanhoesen*, 2010 WL 580017 (2d Cir. 2010)(unreported).

However, an exception to the "dual-sovereignty" doctrine carved out in *Bartkus* bars a second prosecution where one prosecuting sovereign can be said to be acting as a "tool" of the other or where the second prosecution amounts to a "sham" and a "cover" for the first. *Bartkus*, 359 U.S. at 123-24.

This motion does not accuse the Government of misconduct but rather only seeks information to inform as to whether the *Bartkus* exception would be available to the defendant Rikelby Mella in this case.

In order to permit the exploration of these issues in this case, the Government should be required to provide the information sought.

## POINT II

## THE COURT SHOULD GRANT A SEVERANCE

### A. Severance Based on *United States v. Cassamento*

A trial of more than 10 defendants presumptively is impermissibly prejudicial. *See United States v. Casamento*, 997 F. 2d 1141, 1151-52 (2d Cir. 1989). A trial of 30 defendants jointly indicted in this case clearly runs afoul of the holding in *Casamento*.

### B. Severance Under Rule 14(a)

Under Fed.R.Crim.P. 14(a), "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the

government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *United States v. Allamon*, 2005 WL 2542905, at *1 (S.D.N.Y. Oct. 11, 2005), quoting *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994). If Rikelby Mella is being tried along with all of his co-defendants, he will be "substantially prejudiced." *See id.*

Here, Rikelby Mella will be prejudiced absent severance because evidence relating to co-defendants and the conspiracy alleged in Count Three in which Rikelby Mella is not charged will be admissible at a joint trial, but would be not necessarily be admissible if the trials were severed. "Undue prejudice may occur when proof inadmissible against a defendant becomes part of this trial solely due to the presence of co-defendants as to whom its admission is proper." *United States v. Gonzalez*, 2010 WL 339698, at *3 (S.D.N.Y. Jan. 28, 2010) quoting *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). Because the jury will hear large volumes of evidence concerning the conspiracy in Count Three not involving Rikelby Mella, there is considerable danger of prejudicial spillover as a result. Further, where, as here, multiple defendants are tried together in a complex case and may have markedly different degrees of culpability, the risk of prejudicial spillover is heightened. *Zafiro v. United States*, 506 U.S. 534, 538 (1993); *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1998), *cert. denied*, 490 U.S. 1004 (1989); *United States v. Gallo*, 668 F.Supp. 736 (E.D.N.Y. 1987). The "difficulties of a complex multifarious case . . . are compounded for those defendants against whom only a small portion of the evidence is relevant." *Gallo*, 668 F. Supp at 275.

## C. Misjoinder of Counts

Count Three is misjoined with Counts One and Two as it relates to Rikelby Mella, who is not charged in the conspiracy alleged in Count Three. While Fed. R. Crim. P., Rule 8(a) governing joinder of offenses allows two or more offenses to be charged in the same indictment, there is a requirement that the offenses be of the same or similar character and that they be based on the same act or transaction or on multiple transactions each connected with or constituting a part of some common plan. Here, Count Three charges an entirely separate conspiracy. The offense charged in Count Three is not based on the same acts or transaction charged in Counts One and Two. In fact, Count Three is based on a wholly separate conspiracy. Nor does the conspiracy charged in Count Three constitute part of some common plan. Just the opposite is true. The offence charged in Count Three is a conspiracy separate and independent from the conspiracies alleged in Counts One and Two. On the facts here, joinder of Count Three is not proper.

## D. Misjoinder of Defendants

For many of these same reasons, there also is a misjoinder of defendants under Fed. R. Crim. P., Rule 8(b), which permits joinder of defendants who participated in the same act or transaction or the same series of transactions constituting an offense or offenses. Here, the multiple defendants have not participated in the "same series of acts or transactions constituting an offense or offenses" given that the several conspiracies charged are separate conspiracies with different participants. Count Three is not part of a series of acts or transactions as it relates to Rikelby Mella and Counts One and Two. Quite the contrary, Count Three is a separate independent conspiracy with separate participants and it cannot be said to be part of a common

December 2008, or January 2009 the conspirators splintered into two separate new conspiracies.

For all of these reasons, we submit that there should be a severance of defendants and counts.

## CONCLUSION

The defendant's motions to compel production of the information sought and for a severance of defendants and counts should be granted.[1]

Dated: New York, New York
April 4, 2011

Respectfully submitted,

*/s/ John F. Kaley*

John F. Kaley (JK:3598)
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
212-619-3710
Attorney for Defendant Rikelby Mella

To: AUSA Todd Blanche
(via ECF filing and e-mail)

---

[1] The defendant respectfully reserves the right to make further motions to dismiss the indictment after receiving the information sought. Rikelby Mella respectfully joins in the motions of his co-defendants to the extent that they are applicable to him and not inconsistent with his motions.